**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| SUNO, INC.,<br><br>Movant,<br><br>v.<br><br>MECHANICAL LICENSING COLLECTIVE,<br><br>Respondent. | Case No. |
| UMG RECORDINGS, INC., CAPITAL RECORDS, LLC, and SONY MUSIC ENTERTAINMENT,<br><br>Plaintiffs,<br><br>v.<br><br>SUNO, INC. and JOHN DOES 1-10,<br><br>Defendant. | Underlying action pending in the<br><br>U.S. District Court for the District of Massachusetts<br><br>Case No. 1:24-cv-11611-FDS |

**SUNO, INC.'S MOTION TO ENFORCE COMPLIANCE WITH SUBPOENA AGAINST MECHANICAL LICENSING COLLECTIVE**

Movant Suno, Inc. ("Suno"), by and through the undersigned counsel, respectfully moves this Court to enforce a subpoena served on Respondent Mechanical Licensing Collective ("MLC"). In support of this Motion, Suno relies on its supporting Memorandum of Law, which is filed contemporaneously herewith[1], as well as the following exhibits: (1) First Amended Complaint

[1] The Memorandum of Law in Support of Suno's Motion to Enforce Compliance with Subpoena Against MLC (the "Memorandum") quotes portions of materials that Plaintiffs have designated as highly confidential and attorneys' eyes only. Accordingly, upon the Clerk's assignment of a case number, Suno will promptly file a Motion for Leave to File Documents Under Seal seeking leave to file an unredacted version of the Memorandum under seal. Suno will also file a redacted version of the Memorandum in accordance with Local Rule 5.03(e).

filed by UMG Recordings, Inc., Capital Records LLC, and Sony Music Entertainment (collectively, the "Plaintiffs") against Suno in the United States District Court, District of Massachusetts, Case No. 1:24-cv-11611-FDS on August 25, 2026, attached hereto as Exhibit 1; (2) Declaration of Christopher Campbell, dated October 14, 2026, attached as Exhibit 2 ("Campbell Decl."), along Exhibits A - J, attached thereto; (3) UMG Recordings, Inc. and Capital Records, LLC's Amended and Supplemental Responses and Objections to Suno's Interrogatories, referred to as Exhibit 3; and, (4) Sony Music Entertainment's Amended and Supplemental Responses and Objections to Suno's Interrogatories, referred to as Exhibit 4[2]. As grounds for this Motion, Suno states as follows:

1. Two of the largest record labels in the world—UMG Recordings, Inc. and Sony Music Entertainment ("Sony")—filed a copyright infringement action in the United States District Court, District of Massachusetts, Case No. 1:24-cv-11611-FDS, against Movant Suno, a comparatively new and upcoming technology company that built an AI-powered tool that allows ordinary people to create and share new musical recordings. Plaintiffs' core claims are (a) that Suno made unauthorized copies of certain of Plaintiffs' sound recordings while training Suno's AI music model; (b) that those initial copies were infringing, but not any later "outputs" from Suno's AI-powered tool; and (c) that the non-infringing musical outputs of Suno's platform (i.e., music recordings generated using Suno's tool) supposedly flooded digital streaming platforms like Spotify and Apple Music and thereby diverted listeners from Plaintiffs' catalogs, reducing Plaintiffs' market share and attendant royalties. *See* Ex. 1, at ¶¶ 7, 9, 12, 22, 59.

[2] Exhibits 3 and 4 likewise contain materials designated by Plaintiff's as highly confidential and attorneys' eyes only. Accordingly, upon the Clerk's assignment of a case number, Suno will seek leave to file Exhibits 3 and 4 under seal through its forthcoming Motion for Leave to File Documents Under Seal. Exhibits 3 and 4 will remain under seal pending the Court's ruling on that motion.

2. The MLC is a nonprofit designated by the United States Copyright Office to administer blanket "mechanical licenses" for digital service providers ("DSPs") like Spotify, Apple Music, and YouTube. Operating under a detailed set of Copyright Office regulations, the MLC collects monthly performance reports from DSPs that contain, among other things, track-level sound recording performance data. 37 CFR § 210.27. These monthly reports show how many times each track was played in that month and also provide data about the individual track and the music label that owns the related copyright. *Id.*

3. In April 2026, Suno served a document subpoena on the MLC pursuant to Federal Rule of Civil Procedure 45 seeking music performance data during the period at issue associated with music labels. *See* Campbell Decl. at ¶ 2, Ex. A. The MLC's unique set of music performance data provides a comprehensive record of what happened in the music streaming market during the key period when Suno's platform was launched into the market. That data is highly relevant to what actually occurred before and after AI-generated music arrived and is therefore directly relevant to Plaintiffs' central theory that AI-generated music caused harm to their market share, royalties, and so on.

4. Local Rule 37.01 requires that, prior to the filing of discovery motions, the parties must "confer in good faith in an effort to resolve by agreement the issues raised." L.R. 37.01. Likewise, Rule 7.01 requires that in cases in which all parties are represented by counsel, all motions, must state that counsel for the moving party has conferred with all other counsel as to whether the relief requested in the motion is opposed and must describe all attempts made to confer with counsel. L.R. 7.01.

5. Following multiple calls and emails in June and July 2026, the MLC's outside counsel confirmed that the MLC maintains the data requested and could produce the data to Suno

at an estimated cost of $5,000 plus hosting costs—which Suno offered to cover in full. *See* Campbell Decl. at ¶¶ 4-10, Ex. D at pp. 7-8. The MLC even emailed certain DSPs that report data to the MLC to inform them that a production was imminent. *Id.* at ¶ 13, Ex. E.

6. Suddenly, on July 27 counsel for the MLC reversed course, claiming that "the MLC has never agreed to any production." *Id.* at ¶ 15, Ex. D. Then, on August 14 and August 24, the MLC asserted that "The MLC has no documents in response to the subpoenas that were served," advancing a technical reading of the original subpoena as not broad enough to include the specific database that Suno and the MLC had been discussing for months. *Id.* The MLC had never once indicated that the MLC would stand on this formality or refuse to produce relevant data based on this interpretation of the April subpoena.

7. Regardless, to address the MLC's newly asserted objection, on August 31 Suno issued a new subpoena—the subpoena that Suno seeks to enforce here. *Id*., Ex. G. The August 31 subpoena clearly encompassed the data that the parties had been discussing for months and specified the exact data fields that the MLC confirmed it maintained and had indicated it would produce. *Id.*

8. On September 14, the MLC served broad and boilerplate objections to the August 31 subpoena, asserting a number of positions that it had never asserted previously. (*Id.,* Ex. I). Suno's counsel met and conferred with the MLC's counsel by Zoom conference on September 17; the MLC stood by all of its objections. *Id.* at ¶ 19. Suno sent further correspondence to the MLC on September 23 addressing all of the MLC's objections; the MLC did not respond. *Id.* at ¶¶ 19-20, Ex. J.

9. As required by Local Rule 7.01, the undersigned certifies that counsel for Suno has conferred with counsel for the MLC regarding this motion and, on the basis of those discussions, the MLC has indicated that it will oppose the relief requested in this motion.

10. For these reasons and those set out in Suno's accompanying Memorandum of Law, Suno respectfully requests that the Court compel the MLC to produce all categories of documents and data responsive to Suno's subpoena within fourteen (14) days of the entry of the Court's order.

Dated: October 14, 2026

*/s/ Emily H. Mack*

Emily Mack (TN Bar #31217)
BURR & FORMAN LLP
222 Second Avenue South
Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
Facsimile: (615) 724-3290
emack@burr.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, a copy of the foregoing was filed electronically and served on the parties listed below via email. Notice of this filing will also be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Benjamin Semel, bsemel@pryorcashman.com
Mona Simonian, msimonian@pryorcashman.com
Elizabeth Gonser, egonser@rjfirm.com

*Counsel for the Mechanical Licensing Collective*

*/s/ Emily H. Mack*